UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABDULLAH SAAJOH SALL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 20-cv-12043-ADB |
| CHITTENDEN COUNTY STATE | * | |
| ATTORNEY AND CHITTENDEN COUNTY | * | |
| SHERIFF, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

   *Pro se* litigant Abdullah Saajoh Sall, who resides in St. Louis, Missouri, has filed an action under 42 U.S.C. § 1983, alleging that seven defendants[1]--at least five of which are located in Vermont—deprived him of his federal rights by discriminating against him on the basis of race, religion, and national origin.[2]  Sall represents that the events in question occurred in Chittenden County, Vermont.  *See* Compl. at 4.  For the reasons stated below, the Court finds that venue does not lie in the District of Massachusetts.

---

[1] At the beginning of his complaint, Sall identifies four defendants; in his prayer for relief, he references six defendants.  *See* Compl. at 2-3, 5. Considering both of these portions of the complaint, it appears Sall is attempting to assert claims seven defendants:  Chittenden County State Attorney's Office and Chittenden County Sheriff; City of Burlington and Chittenden County; Chittenden County Police Departments and Vermont State Police; Da Capo Publishing; Greater Burlington YMCA; Seven Days Inc. (a newspaper); and, State of Vermont.  It is unclear whether he is suing Sarah Fair George separately from the Chittenden County State Attorney's Office and Chittenden County Sheriff.

[2] Sall commenced this action without paying the filing fee or filing a motion for leave to proceed without prepayment of the filing fee.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979).  The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under this rubric, the District of Massachusetts is not the proper venue for this action.  Sall's complaint concerns alleged misconduct by seven defendants, at least five of which, if not all, reside in Vermont.  Further, a substantial part of the alleged misconduct giving rise to Sall's claims occurred in Chittenden County, Vermont.  Chittenden County is located within the jurisdiction of the United States District Court for the District of Vermont.  Sall's claims do not have sufficient, if any, connection to the District of Massachusetts for venue to lie here.

Accordingly, the Court orders that this action be transferred to the United States District Court for the District of Vermont.  *See* 28 U.S.C. § 1406(b).

IT IS SO ORDERED.

|  |  |
|---|---|
|  12/14/2020 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |